1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VERNON L RYLEE and JANET R.
     RYLEE and SMILEY J. HARRIS

11

12            Plaintiff,              No. 05-0068 DFL CMK P

13        vs.

14

15   JOHN ASHCROFT, et al.,

16            Defendants.             ORDER

17   _____/

18            Plaintiffs are proceeding pro se and in forma pauperis in this action against state

19   and federal officials for alleged constitutional violations stemming from the seizure of plaintiffs'

20   "eleven hundred and seventy four marijuana plants," which were allegedly for medicinal and

21   religious purposes. (See e.g. Am. Compl. at 19 (stating the number of plants seized.))  By order

22   filed on January 12, 2005, the court dismissed the first, second, third, fifth and sixth cause of

23   action in plaintiffs' complaint and granted plaintiffs thirty days to file an amended complaint.  On

24   February 2, 2005, plaintiffs filed an amended complaint.   The complaint is currently before the

25   court for screening pursuant to 28 U.S.C. § 1915(e)(2).  Also before the court is plaintiffs' May

26   4, 2005 request for a default judgment.

     ///

1    As an initial matter, the court denies plaintiffs' request for a default judgment.

2  The request is based on allegations that defendants failed to answer plaintiffs' complaint in a

3  timely manner.  However, plaintiffs' amended complaint is only now being screened and was

4  never served on defendants.  Accordingly, plaintiffs' motion for default judgment is denied.

5  Background

6    In their amended complaint, plaintiffs allege that in August 2003, Trinity County

7  officials searched plaintiffs Vernon and Janet Rylee's persons and property on the grounds that

8  plaintiffs were committing a felony, namely growing marijuana.  (Am. Compl. at 9.)  Criminal

9  charges stemming from the marijuana seizure were brought against the Rylees by the Trinity

10  County District Attorney.  (Id.)  Although the Rylees have presented a defense, the state criminal

11  charges against them are not yet resolved.  (Id.)  Plaintiffs further contend that, in October 2003,

12  the Rylees agreed to allow plaintiff Harris to use their land to cultivate his own medicinal

13  marijuana.  (Id.) In January 2004, plaintiffs sent notice to various Trinity County officials of their

14  status of "seriously ill Californians" who were allowed to cultivate and use medicinal marijuana

15  pursuant to California State law.  (Id. at 9-10.)  On July 12, 2004, defendant Drug Enforcement

16  Agency ("DEA") requested a search warrant for the Rylee's property and later, pursuant to the

17  warrant, the DEA and Trinity County Sheriff's deputies seized marijuana and other items,

18  including guns from plaintiffs.  (Id.)  Plaintiffs were not criminally charged as a result of the July

19  2004 seizure.  (Id.)

20  Discussion

21    The court must screen plaintiffs' amended complaint to determine whether it is

22  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

23  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In its

24  review, the court must identify any cognizable claims and dismiss any claims which are legally

25  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26  monetary relief from a defendant who is immune from such relief.  Id.  A claim is legally

1  frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S.

2  319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may,

3  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

4  or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical

5  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

6  factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

7          A complaint, or portion thereof, should only be dismissed for failure to state a

8  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

9  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

10  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

11  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

12  complaint under this standard, the court must accept as true the allegations of the complaint in

13  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

14  pleading in the light most favorable to the plaintiffs, and resolve all doubts in the plaintiffs'

15  favor,  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16          Plaintiffs seek damages and injunctive relief for defendants' actions which

17  allegedly violated their First, Fourth and Fifth Amendment rights, violated the California State

18  constitution, constituted Fraud under Federal Rule of Civil Procedure 9(b) and violated the

19  commerce clause and the Tenth Amendment.[1]

20          In plaintiffs' first cause of action, Smiley J. Harris alleges that defendants' seizure

21  of his "three hundred and ninety-two marijuana plants" violated his right to religious freedoms.

22  (Am. Compl. at 12.)   The Free Exercise clause requires that one's convictions be free from

23

24          [1]The causes of action in plaintiffs' complaint all reference only the  July 2004 search and
   seizure of plaintiffs' marijuana plants and other items, such as guns.  As no criminal charges
25  stemmed from this seizure, plaintiffs' claims are not barred under Heck v. Humphrey, 512 U.S.
   477 (1994).  However, any claims stemming from the August 2003 search and seizure by Trinity
26  County officials would be Heck barred, as plaintiffs have pending criminal charges as a result of
   that seizure.

1  governmental regulation, but there is no requirement that the conduct itself be free from

2  regulation.   Employment Div., Dept. of Human Resources v. Smith, 494 U.S. 872, 885-86

3  (1990) ( stating the "right of free exercise of religion does not relieve an individual of the

4  obligation to comply with a valid and neutral law of general applicability on the ground that the

5  law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)" and that "if

6  prohibiting the exercise of religion [is] merely the incidental effect of a generally applicable and

7  otherwise valid provision, the First Amendment has not been offended.")   Plaintiff Harris does

8  not allege that he belongs to any organized religious group which utilizes marijuana as part of its

9  ceremonies.  In fact, plaintiff Harris alleges no affiliation with any church and does not describe

10 any of his religious rites. Plaintiff Harris alleges no facts which would support a finding of any

11 constitutional violation of his right to practice his religious beliefs. Id.  He has failed to state a

12 cause of action under the First Amendment and is advised that this cause of action should not be

13 included in any future amended complaint.

14       Plaintiffs' third cause of action asserts a fraud claim under Federal Rule of Civil

15 Procedure 9.  Rule 9 concerns pleading special matters and subpart (b) states that all averments

16 of fraud shall be stated with particularity.   As such, Rule 9 describes how a litigant in a civil

17 action can bring a fraud claim.  Liberally construing plaintiffs' complaint, it appears that

18 plaintiffs are pleading that federal agents fraudulently stated to a magistrate judge that the federal

19 government had jurisdiction over plaintiffs' property.  Plaintiffs appear to argue that the federal

20 agents should have known that the federal government had no jurisdiction over their property.

21 As noted above, a court may dismiss a claim that has no arguable basis either in fact or in law.

22 Neitzke, 490 U.S. at 327.   Even with a liberal construction, plaintiffs' allegations of fraud

23 against the federal government based on a lack of jurisdiction over plaintiffs' property are based

24 on an indisputably meritless legal theory and must be dismissed.  Plaintiffs are advised that they

25 should not include this case of action in any future amended complaint.

26 ///

4

1     Plaintiffs' second, fourth, fifth and sixth causes of action are all based on their

2     contention that the federal government lacked the authority to regulate plaintiff's "intrastate, non-

3     commercial possession, use and/or cultivation of marijuana." (Am. Compl. at 12, 16, 17 and 18.)

4     The United States Supreme Court recently decided Gonzales v. Raich, ___S.Ct.___, 2005 WL

5     1321358 (June 6, 2005), which held that prohibition of intrastate growth of marijuana was

6     rationally related to regulation of interstate commerce in marijuana. Id. at *19.  Therefore,

7     Congress' Commerce Clause authority includes the power to prohibit the local cultivation and

8     use of marijuana otherwise authorized by California's Compassionate Use Act. Id.

9     Accordingly, plaintiffs' second, fourth, fifth and sixth causes of action, which are based on

10    plaintiffs' contention that Congress lacks the power to regulate the intrastate use and cultivation

11    of marijuana pursuant to California law are dismissed.  In an abundance of caution, plaintiffs are

12    given leave to amend their fourth, fifth and sixth causes of action.  However, their second cause

13    of action which is solely based on a violation of the commerce clause should not be included in

14    any amended complaint in light of the holding in Raich.

15          Plaintiffs' eighth cause of action[2] is a pendant California state constitutional

16    claim.  Plaintiffs allege that defendants Trinity County, the Trinity County Board of Supervisors,

17    the Trinity County Sheriff's Department, Craig Lorrac and unnamed sheriff's deputies violated

18    provisions of the California state constitution.  Specifically, plaintiffs contend that defendants

19    should have known that seizing plaintiffs' marijuana pursuant to the Controlled Substances Act

20    ("CSA") violated plaintiffs' rights as secured by the California state constitution.  As the holding

21    in Gonzales v. Raich, 2005 WL 1321358 explicitly states that application of the CSA to intrastate

22    growers and users of marijuana for medicinal purposes as otherwise authorized by California

23    state law is permissible under Congress' commerce clause powers. Id. at *18-19. Accordingly,

24    _____

25          [2]Plaintiffs have no seventh cause of action in their complaint; the causes of action jump
      from the sixth to the eighth.  For clarity's sake, the court, as plaintiffs do in their complaint,
26    refers to what would be the seventh cause of action as the eighth.

1  this claim fails to state a claim upon which relief may be granted.  However, in an abundance of

2  caution, plaintiffs are given leave to amend this cause of action in light of <u>Raich</u>.

3         The court finds that plaintiffs' first, second, third, fourth, fifth, sixth , and eighth

4  causes of action should be dismissed.  Plaintiffs are granted leave to amend their fourth, fifth,

5  sixth and eighth causes of action.  Plaintiffs are cautioned that they should limit any amended

6  complaint to those claims the court has found sufficient or subject to amendment.

7  If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the conditions

8  complained of have resulted in a deprivation of plaintiffs' constitutional rights.  <u>See</u> <u>Ellis v.</u>

9  <u>Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

10 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

11 is some affirmative link or connection between a defendant's actions and the claimed deprivation.

12 <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980);

13 <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

14 official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673

15 F.2d 266, 268 (9th Cir. 1982).  Finally, as previously noted, plaintiffs may not base their

16 complaints on allegations that defendants application of the CSA to intrastate growers and users

17 of marijuana for medical purposes, as otherwise authorized by California state law, violated their

18 rights.

19        In addition, plaintiffs are informed that the court cannot refer to a prior pleading in

20 order to make plaintiffs' amended complaint complete.  Local Rule 15-220 requires that an

21 amended complaint be complete in itself without reference to any prior pleading.  This is

22 because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

23 <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

24 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25 original complaint, each claim and the involvement of each defendant must be sufficiently

26 alleged.

1            In accordance with the above, IT IS HEREBY ORDERED that:

2            1.  Plaintiffs' motion for a default judgment is denied;

3            2.  Plaintiffs' first, second, third, fourth, fifth, sixth and eighth causes of action are

4  dismissed;

5            3.  Plaintiffs are given leave to amend their fourth, fifth, sixth and eighth causes of

6  action; and

7            4.  Should plaintiffs desire to file an amended complaint, they must do so within

8  thirty days of the date of this order.  The amended complaint must comply with the requirements

9  of the Federal Rules of Civil Procedure, bear the docket number assigned to this case, and be

10  labeled "Amended Complaint."  Plaintiffs must file an original and two copies of the amended

11  complaint.

12

13  DATED:  June 22, 2005.

14

15                                   _____

16                          **CRAIG M. KELLISON**
                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26