IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON L. RYLEE and JANET R.
RYLEE and SMILEY J. HARRIS

        Plaintiffs,                 No. CIV S 05-0068 DFL CMK

     vs.

JOHN ASHCROFT, et al.,

        Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        Plaintiffs, who are proceeding pro se and in forma pauperis, bring this action alleging that defendants violated their civil rights by searching plaintiffs' property and seizing their marijuana plants, which plaintiffs aver were used for medicinal and religious purposes. Plaintiffs' second amended complaint is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21).

      By order filed June 27, 2005, the undersigned dismissed plaintiffs' first amended complaint with leave to amend. Plaintiff filed a second amended complaint on July 11, 2005. The court is required to screen complaints brought by pro se litigants proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion thereof if it:

1  (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3)

2  seeks monetary relief from a defendant who is immune from such relief.  See id.  A claim is

3  legally frivolous when it lacks an arguable basis either in fact or in law.  See Neitzke v. Williams,

4  490 U.S. 319, 325 (1989).  A claim is legally frivolous if it is based upon an indisputably

5  meritless legal theory.  See Neitzke, 490 U.S. at 327.  A complaint fails to state a claim upon

6  which relief can be granted when a plaintiff can prove no set of facts in support of his claim that

7  would entitle plaintiff to relief.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Unless it is clear that no

8  amendment can cure its defects, a pro-se litigant is entitled to notice and opportunity to amend his

9  complaint before dismissal. See  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en

10  banc).

11  I..     Background

12        Plaintiffs Vernon and Janet Rylee both state that they are seriously ill Californians

13  who use marijuana pursuant to California's medical marijuana law.  Both also allege that they are

14  members of the "Church of the Greater Faith and Redemption," ("Church") and, as members of

15  that church, use marijuana as part of their religious beliefs.  Plaintiff  Smiley J. Harris states that

16  he is a reverend in the Church and that he is required by his religion to distribute marijuana as a

17  sacrament.  Plaintiff Harris was ordained as a reverend by the Universal Life Church.  Plaintiff

18  Harris states that he too is a seriously ill Californian who uses marijuana pursuant to California's

19  medical marijuana law.  Plaintiffs cultivate the marijuana needed for their illnesses and religious

20  sacrament on land belonging to the Rylees.

21        Plaintiffs Vernon and Janet Rylee agreed to allow Plaintiff Harris to cultivate

22  marijuana for medical and spiritual use on their land in October of 2003.   Plaintiffs state that they

23  then sent notice of this arrangement to the Trinity County Sheriff's Department and the Trinity

24  County Board of Supervisors.  Plaintiffs wanted to notify these two entities of plaintiffs' status as

25  seriously ill Californians.

26        Plaintiffs state that on July 12, 2004, Drug Enforcement Administration (DEA)

1  agents gave testimony in support of a federal search warrant for the Rylees' property.   A search
2  warrant issued, and DEA agents and Sheriff's Department Deputies executed it on July 20, 2004.
3  During the search, DEA and Sheriff's Department Deputies seized, among other things, guns and
4  eleven hundred and seventy four marijuana plants.  Plaintiffs state that they have not been
5  criminally charged as a result of the search pursuant to the federal warrant.

6  Plaintiffs allege that the seizure of their marijuana plants violated the First, Fourth,
7  Fifth, Ninth and Tenth Amendments of the Constitution and violated the Religious Freedom
8  Restoration Act of 1993, 42 U.S.C. § 2000bb-1a.  Plaintiffs also allege a cause of action under
9  Federal Rule of Civil Procedure 9(b).

10  II.  Discussion

11  The claims in plaintiffs' second amended complaint suffer from either or both of
12  the following deficiencies; failure to state a claim up on which relief can be granted and
13  frivolousness.

14  1.  Violation of the Religious Freedom Restoration Act and the Free Exercise Clause
15  of the First Amendment

16  The Free Exercise Clause of the First Amendment and the Religious Freedom
17  Restoration Act prevent the government from restricting an individual's religious beliefs. See
18  Employment Division, Dept. of Human Resources of Oregon, et al. v Smith, 494 U.S. 872, 877
19  (1990); 42 U.S.C. § 2000bb.  However, the right to free exercise of religion does not relieve an
20  individual of the obligation to comply with a valid and neutral law of general applicability on the
21  ground that the law proscribes conduct required by his religious beliefs.  See Employment
22  Division, Dept of Human Resources of Oregon, 494 U.S. at 885-86.  In other words, although the
23  Free Exercise Clause requires that one's convictions be free from governmental regulation, there
24  is no requirement that the conduct itself be free from regulation.  See id.

25  Here, plaintiffs contend that, because their cultivation of marijuana is for religious
26  purposes, the seizure of their marijuana plants violated their right to freely exercise their religion.

3

1    However, the laws prohibiting possession of marijuana are not specifically directed at plaintiffs'

2    religious practices and are concededly constitutional as applied against those who cultivate and

3    possess the drug for other reasons.  Plaintiffs cannot allege any facts or circumstances that the

4    seizure of their marijuana resulted from the application of a law specifically designed to regulate

5    their religious beliefs.  Accordingly, plaintiffs cannot state a claim upon which relief can be

6    granted.

7              Plaintiffs' First Amendment claim is also frivolous.  Case law cautions that courts

8    should not determine the place of a particular belief or religion or the plausibility of a religious

9    claim.  See e.g., Thomas v. Review Bd. of Indiana Employment Security Div., 450 U.S., 707, 716

10   (1981), Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church,

11   393 U.S., 440, 450 (1969).  However, the undersigned notes that plaintiffs have formed a church

12   consisting of only three members–themselves.  A central tenant of their newly organized church

13   is the use of marijuana.  The "reverend" of plaintiff's religion was ordained by the Universal Life

14   Church, which is a church offering instant ordainment via the internet.   The undersigned cannot

15   help but observe that plaintiffs' religious beliefs and the formation of their church appear to have

16   been spurred by their desire to bring this action.  Accordingly, the undersigned finds plaintiffs'

17   First Amendment complaint frivolous.

18          2.    Violation of the Fourth Amendment

19              Plaintiffs alleges that defendants search of the Rylees' property and subsequent

20   seizure of marijuana plants violated the Fourth Amendment.   The Fourth Amendment guarantees

21   the right to be free from unreasonable searches and seizures.  Payton v. New York, 445 U.S. 573,

22   589 (1980).  The Fourth Amendment specifically prohibits police officers from making a

23   warrantless and nonconsensual entry into a suspect's home to effect an arrest, unless exigent

24   circumstances are present.  See id.

25              Plaintiffs cannot show that the seizure of their marijuana plants was not pursuant

26   to a valid warrant.  Plaintiffs detail in their complaint that they informed two government

4

1  agencies–the Sheriff's Department and the Board of Supervisors, of their plans to cultivate

2  marijuana.  Plaintiffs also state that the search warrant for the Rylees' property was based on

3  information that plaintiffs had violated 28 U.S.C. § 841, which prohibits the manufacture and

4  possession of controlled substances, including marijuana.  Plaintiffs own statements support a

5  conclusion that the search and seizure was based on a valid warrant and was not unreasonable.

6  Accordingly, the undersigned finds that plaintiffs have failed to state a claim under the Fourth

7  Amendment.

8          The undersigned further finds plaintiffs' allegation of a Fourth Amendment

9  violation is frivolous.  Plaintiffs allege that the search was unlawful because the DEA should have

10 known that they had no jurisdiction to enforce federal laws.  Plaintiffs also assert that the warrant

11 was deficient because it did not list documentation from the California state legislature

12 surrendering jurisdiction to the federal government and failed to list documentation that the

13 United States had accepted such.  This claim has no arguable basis in law.

14         3.    Violation of the Fifth Amendment

15         Plaintiffs allege that the search of the Rylees' property and subsequent seizure of

16 marijuana plants violated their right to be free from unreasonable search and seizure under the

17 Fifth Amendment.  The Fifth Amendment, however, guarantees a citizen's right to not be charged

18 with certain crimes unless indicted by a grand jury, to be free from double jeopardy, to be free

19 from testifying against himself and to be justly compensated for private property taken for use by

20 the government.  The Fifth Amendment does not protect against unreasonable search and seizure.

21         To the extent that plaintiffs argue that they were deprived of their property without

22 just compensation in violation of the Fifth Amendment, this claim is based on an indisputably

23 meritless legal theory.  Plaintiffs have no legal recourse for compensation for marijuana plants,

24 which were grown illegally and seized pursuant to a valid search warrant.  The undersigned finds

25 that plaintiffs' Fifth Amendment claim is frivolous.

26         4.    Fraud Under Federal Rule of Civil Procedure 9(b)

5

1    Plaintiffs state a cause of action described at "violation of the Fourth and Fifth

2  Amendments; Fraud under FED. R. CIV. P 9(b)." Their allegation appears to be that, because

3  defendants knew of plaintiffs' "religious and medical freedoms," the information given to the

4  Untied States Magistrate Judge in support of a search warrant was fraudulent.

5    Federal Rule of Civil Procedure 9(b) sets forth the requirements for pleading

6  special matters, including fraud. Specifically, it requires that fraud be pled with particularity.

7  Fed. R. Civ. P 9(b). Rule 9 does not, however, provide a mechanism for bringing an independent

8  cause of action for fraud. Accordingly, the undersigned finds that plaintiffs' Rule 9(b) claim is

9  based on an indisputably meritless legal theory and therefore frivolous.

10    5.    <u>Violation of the Ninth Amendment</u>

11    Plaintiffs assert that defendants deprived them of their marijuana plants in

12  violation of the Ninth Amendment. The Ninth Amendment protects against infringement of

13  fundamental rights that may not have specifically been mentioned in the constitution, such as the

14  right to privacy. <u>See</u> <u>Griswold v. Connecticut</u>, 381 U.S. 479 (1965). There is, however, no

15  fundamental constitutional right to possess and to use marijuana for religious or medical reasons.

16  <u>See</u> 21 U.S.C. § 812 , Schedule I(c)(10)(placing marijuana in Schedule I); <u>see also</u> 21 U.S.C. §

17  812(b)(1)(B) (describing Schedule I drugs as having "no currently accepted medical use in

18  treatment in the United States"). Accordingly, the undersigned finds that plaintiffs cannot state a

19  claim under the Ninth Amendment and recommends that this claim be dismissed.

20    6.    <u>Violation of the Tenth Amendment</u>

21    Plaintiffs' final claim is that the seizure of their marijuana plants violated the

22  Tenth Amendment. As the language of the Tenth Amendment evinces, "[i]f a power is delegated

23  to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that

24  power to the States...." <u>New York v. United States</u>, 505 U.S. 144, 156(1992). Regulation of the

25  manufacture and possession of marijuana "is squarely within Congress'[s] commerce power,"

26  <u>Gonzales v.Raich</u>, 125 S.Ct.2195, 2207 (2005), even insofar as it may bear upon "the intrastate,

1 noncommercial cultivation, possession and use of marijuana for personal medical purposes on the

2 advice of a physician and in accordance with state law." Id. at 2211 (internal quotation marks

3 omitted).  Because Congress's regulation of the manufacture and possession of marijuana "is

4 squarely within Congress'[s] commerce power," Raich, 125 S.Ct. at 2207, it does not violate the

5 Tenth Amendment.  Accordingly, the undersigned finds that plaintiffs have failed to state a claim

6 under the Tenth Amendment and recommends that this claim be dismissed.

7 III.    Conclusion

8           Plaintiffs have been granted two opportunities to amend their complaint.  Because

9 it does not appear that the deficiencies in their second amended complaint identified herein can be

10 cured by another chance to amend, plaintiffs are not entitled to leave to amend prior to dismissal

11 of this action.  Lopez, 203 F.3d at 1126.

12           Based on the foregoing, IT IS RECOMMENDED that this entire action be

13 dismissed

14           These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

16 after being served with these findings and recommendations, plaintiff may file written objections

17 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

18 and Recommendations."  Plaintiffs are advised that failure to file objections within the specified

19 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

20 (9th Cir. 1991).

21

22 DATED:   December 5, 2005

23

24                                              CRAIG M. KELLISON
                                                UNITED STATES MAGISTRATE JUDGE

25

26

7